UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

IN RE:

RYAN J. RUNKLE                                    Chapter 7

    Debtor.                              Bankruptcy No. 07-02068S

ORDER RE TRUSTEE'S OBJECTION TO EXEMPTION

The matter before the court is the trustee's objection to the debtor's claim of exemption in two life insurance policies. Hearing on the objection was held February 5, 2008 in Sioux City. Donald H. Molstad, Chapter 7 trustee, appeared on his own behalf. Jason T. Carlstrom appeared as attorney for debtor Ryan Runkle. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

Runkle filed a voluntary Chapter 7 petition on November 9, 2007. In his schedule of personal property, he listed interests in two whole life insurance policies with State Farm Insurance Company. The surrender values of the policies were shown as $641.26 and $394.81. On the date of the filing of the petition, the beneficiary of the policies was Charles Runkle, the debtor's father. Post-petition, Ryan Runkle married and designated his wife as the beneficiary.

Debtor initially claimed his interest in the insurance policies exempt under Iowa Code § 627.6(6), which exempts an interest in a life insurance policy "if the beneficiary of the policy is the individual's spouse, child, or dependent." When the trustee objected to the claim of exemption, Runkle amended

his schedule of exemptions to claim a portion of the property exempt under Iowa Code § 627.6(13), which provides an exemption for-

> the debtor's interest, not to exceed one thousand dollars[1] in the aggregate, in any cash on hand, bank deposits, credit union share drafts, or other deposits, wherever situated, or other personal property not otherwise specifically provided for in this chapter.

The trustee again objected, contending that the property was not exempt under § 627.6(13), which is sometimes described as the "wild card" exemption.

## Discussion

The trustee bears the burden of proving that the exemption is not properly claimed.  Fed.R.Bankr.P. 4003(c).  The court should construe exemptions liberally in favor of the debtor in order to achieve the intent of the statute, but the court may not extend the legislative grant.  <u>Eilbert v. Pelican (In re Eilbert)</u>, 162 F.3d 523, 526 (8th Cir. 1998) (quoting <u>Iowa Methodist Hospital v. Long</u>, 234 Iowa 843, 12 N.W.2d 171 (1943)). "The purpose underlying all exemption legislation is to secure to the unfortunate debtor the means to support himself and the family, the protection of the family being the main

---

[1] The court takes judicial notice of Doc. 12, filed January 11, 2008, amended Schedule C.  Runkle claimed his interests in insurance policies exempt to the extent of $533.68 and $366.32. He also claimed exemptions for $50 of cash on hand and $50 in a checking account.  There is no contention that Runkle has exceeded the dollar limitation of § 627.6(13).

2

consideration."  Shepard v. Findley, 204 Iowa 107, 214 N.W. 676, 678 (1927).

A debtor's right to exemptions is determined as of the date of the filing of the petition.  11 U.S.C. § 522(b)(3).  Therefore, Runkle's post-petition change of beneficiary under the policies is not relevant to the trustee's objection.  The court also declines to consider Runkle's argument that the cash surrender value of his life insurance policies is equivalent to cash on hand.

The question here is whether Runkle's interest in the policies is "other personal property not otherwise specifically provided for" within the meaning of § 627.6(13).  The trustee contends that an interest in insurance may not be claimed under § 627.6(13) because an exemption for life insurance is provided for in § 627.6(6).  This argument fails to give full effect to the text of the statute.  A provision is "specific" if it is "set forth explicitly," Webster's II New Riverside University Dictionary 1116 (1984), and a matter is "explicit" when it is "expressed without vagueness or ambiguity."  Id. at 455.

If property could be claimed exempt under another provision of Iowa Code Chapter 627, then it may not be claimed exempt as "other personal property" under § 627.6(13).  Iowa's exemption statute does not "specifically provide for" the exemption of an interest in insurance when the beneficiary of the policy is someone other than a spouse, child or dependent.  Runkle's

interest in insurance should be held exempt.

This result enforces a natural reading of the statute and also enforces the limitations set by the Iowa legislature in the other provisions of Chapter 627.  Because the exemption may not be used for property otherwise specifically provided for, a debtor may not use § 627.6(13) to increase the amount of another exemption.  For example, a debtor may exempt household goods and other items under § 627.6(5) to a value of $7,000.  The debtor may not use § 627.6(13) to increase the exemption for household goods to $8,000.  The two subsections are mutually exclusive.  The exemption for "other personal property" also gives flexibility to the law to accommodate the particular circumstances of the debtor.  In this case, Runkle was not married on the date of the filing of his petition and could not have had life insurance naming a spouse as beneficiary.  By providing an exemption for other personal property in § 627.6(13), the legislature need not anticipate every type of property that would provide the debtor with the means to support himself and his family.

IT IS ORDERED that the trustee's objection to the debtor's claim of exemption is overruled.  Judgment shall enter accordingly.

DATED AND ENTERED  February 14, 2008

                      William L. Edmonds, Chief Bankruptcy Judge